UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NICOLE M. CASEY, ANNETTE M. CASEY,
and ZOEY L. CASEY, *a minor*

        Plaintiffs,

  v.

JOSEPH SCIASCIA, TERI STROHSHEIN,
GARY PROBST, JENNIFER SMITH,
WAUPUN POLICE DEPARTMENT,
MARYANN SCHACHT and EMILY BAUER,

        Defendants.

Case No. 22-cv-1026-pp

---

**ORDER DENYING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND REQUIRING PLAINTIFFS TO OBTAIN COUNSEL FOR ZOEY CASEY**

---

On September 6, 2022, the plaintiffs—without the assistance of counsel—filed a complaint, dkt. no. 1, and a motion for leave to proceed without prepaying the filing fee, dkt. no. 2.

The complaint lists three plaintiffs: Nicole Casey, Annette Casey and Zoey Casey. Dkt. No. 1 at 1. The factual allegations in the complaint are written from Nicole Casey's point of view. Id. at 3-7. The complaint explains that Nicole Casey is the mother of Zoey Casey, who is a minor. Id. at 5, 10. Under Zoey Casey's signature block, the complaint states "mother signed on behalf of minor." Id. at 10.

1

As a minor, Zoey Casey cannot represent herself in federal court.[1] See Fed. R. Civ. P. 17(b)(1) (stating that an individual's capacity to sue in federal court is dictated by the law of the individual's domicile); Wis. Stat. §803.01(3)(a) (stating that a minor must "appear by an attorney, by the guardian of the estate of the party who may appear by attorney, or by a guardian ad litem who may appear by an attorney"); see also Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (7th Cir.1990) (stating that "[t]he choice to appear *pro se* is not a true choice for minors who under state law . . . cannot determine their own legal actions" so, "[t]here is thus no individual choice to proceed pro se for courts to respect"). It appears that Nicole Casey is attempting to represent her minor daughter Zoey. Nicole Casey has not stated that she is an attorney; as a non-lawyer, Nicole cannot represent Zoey. See Foster v. Bd. of Educ. of City of Chi., 611 F. Appx. 874, 877 (7th Cir. 2015) (noting that the Seventh Circuit has "repeatedly held that the rule prohibiting a nonlawyer from representing another person extends to a parent attempting to represent her minor child pro se.").

The court will give the plaintiffs approximately thirty days to find a lawyer to represent Zoey. If, by the deadline set below, a lawyer has not filed a notice of appearance on behalf of Zoey Casey, the court must dismiss Zoey as a

---

[1] The complaint explains that Annette Casey is the mother of Nicole Casey. Dkt. No. 1 at 7. Because Nicole and Annette Casey are adults, they may represent themselves if they elect to do so. 28 U.S.C. §1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein.").

plaintiff. Id. (affirming the district court dismissing without prejudice a minor's claims because the minor was not properly represented).

To allow a plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, the court must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose their financial condition truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepaying the fee to file "an affidavit that includes a statement of all assets [they] possess[]").

Nicole Casey is the only plaintiff who filed an affidavit regarding her financial circumstances. Dkt. No. 2. The form states that Nicole does not have a monthly salary, but that she is married and that her spouse has a monthly salary of "$5,600+/-." Id. at 1-2. Nicole reports that she has four dependent children. Id. at 1. She lists "$4,813.20+/-" in monthly expenses. Id. at 2-3. She states that she owns a 2017 GMC Acadia worth approximately $13,000 and a 2005 Chevy worth approximately $2,000. Id. at 3. She reports owning a home worth approximately $189,000 but does not list the amount of equity in the home. Id. Finally, Nicole reports that she has $1,600 in cash on hand or in an account. Id.

Based on the facts in Nicole Casey's affidavit, the court concludes that she has the ability to pay the filing fee. Her monthly income exceeds her monthly expenses by approximately $750. Id. at 1-2. She reports having

3

$1,600 in cash on hand or in an account. Id. The court recognizes that due to its delay in ruling on the motion to proceed without prepaying the filing fee, Nicole's financial circumstances may have changed since she filed her motion in September 2022. The court will deny the motion but will give Nicole the opportunity to file an amended motion in the event that her circumstances have changed; if Nicole does not file an amended motion, the plaintiffs must pay the $402 filing fee before the court will take any further action in the case.[2]

The court **DENIES WITHOUT PREJUDICE** plaintiff Nicole Casey's motion for leave to proceed without paying the filing fee. Dkt. No. 2. The court **ORDERS** that by the end of the day on **December 15, 2023**, the plaintiffs must either file an amended motion for leave to proceed without prepaying the filing fee or pay the $402 filing fee. The plaintiffs must either file the amended motion or pay the $402 filing fee in time for the court to *receive* it by the end of the day on December 15, 2023. If the court does not receive an amended motion or the full filing fee (or a written explanation of why the plaintiffs cannot pay it) by the end of the day on December 15, 2023, the court will dismiss the case on the following business day without further notice or hearing for failure to pay the required filing fee.

---

[2] Even if the court grants a motion for leave to proceed without prepaying the filing fee, a plaintiff still is responsible for paying the filing fee over time. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. §1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees."). When a court grants a motion allowing a person to proceed without prepaying the filing fee, it means only that the person does not have to pay the full filing fee up front; the person still owes the filing fee.

The court **ORDERS** that by the end of the day on **December 15, 2023**, the plaintiffs must retain a lawyer to represent Zoey Casey and that lawyer must file a notice of appearance. If the court does not receive a notice of appearance by a licensed lawyer representing Zoey Casey by the end of the day on December 15, 2023, the court will dismiss Zoey Casey as a plaintiff on the following business day without further notice or hearing.

Dated in Milwaukee, Wisconsin this 13th day of November, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**