UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NICOLE M. CASEY, ANNETTE M. CASEY,
and ZOE L. CASEY, *a minor*

        Plaintiffs,

  v.

        Case No. 22-cv-1026-pp

JOSEPH SCIASCIA, TERI STROHSHEIN,
GARY PROBST, JENNIFER SMITH,
WAUPUN POLICE DEPARTMENT,
MARYANN SCHACHT and EMILY BAUER,

        Defendants.

---

## ORDER DISMISSING CASE FOR FAILURE TO PAY FILING FEE AND FAILING TO COMPLY WITH COURT ORDER

---

On September 6, 2022, the plaintiffs filed a complaint alleging that the defendants had violated their constitutional rights and committed intentional torts. Dkt. No. 1. Plaintiff Nicole Casey also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

On November 13, 2023, the court issued an order denying Nicole Casey's motion for leave to proceed without prepaying the filing fee. Dkt. No. 6. The court explained that "[b]ased on the facts in Nicole Casey's affidavit, the court concludes that she has the ability to pay the filing fee." Id. at 3. The court recognized, however, that "due to its delay in ruling on the motion to proceed without prepaying the filing fee, Nicole's financial circumstances may have changed since she filed her motion in September 2022." Id. at 4. The court allowed Nicole Casey to "either file an amended motion for leave to proceed without prepaying the filing fee or pay the $402 filing fee" by December 15,

1

2023. Id. The court warned, "If the court does not receive an amended motion or the full filing fee (or a written explanation of why the plaintiffs cannot pay it) by the end of the day on December 15, 2023, the court will dismiss the case on the following business day without further notice or hearing for failure to pay the required filing fee."[1] Id. December 15, 2023 has come and gone, but the court has not received "an amended motion or the full filing fee (or a written explanation of why the plaintiffs cannot pay it)" from the plaintiffs.

On December 18, 2023, the court received a letter from the plaintiffs, dated December 15, 2023. Dkt. No. 7. The letter began by explaining that the family had not been able to find a lawyer for the minor family member and asking, "pursuant to Wis. Stat. 803.01," for the court to dismiss her as a plaintiff "until she turns of legal age and is able to file on her own behalf if she so chooses." Id. at 1. Next, the letter cited a Wisconsin statute, "Wis. Stat. 814.29 1D," governing state-court indigency determinations. Id. The letter asserted that Nicole Casey met the qualifications for indigency under that state statute. Id. The letter stated that "[t]he idea that this action may not move forward simply because our family is without funds is appalling." Id. The letter concluded by recounting the harm the plaintiffs allege they have suffered at the hands of the defendants. Id. at 1-2.

The court understands that the plaintiffs are shocked by the idea that someone could be denied access to the court system simply because the person

---

[1] The court had explained in its November 13, 2023 order that plaintiff Zoey Casey, as a minor, could not represent herself in federal court. Dkt. No. 6 at 1-3. The court ordered "that by the end of the day on December 15, 2023, the plaintiffs must retain a lawyer to represent Zoey Casey" and advised that the court would dismiss Zoey as a plaintiff "[i]f the court d[id] not receive a notice of appearance by a licensed lawyer representing Zoey Casey by the end of the day on December 15, 2023." Id. at 5.

is indigent. But the definition of "indigent" is different in state and federal court. The statute that the letter cited—Wis. Stat. §814.29(1)(d)—contains the *Wisconsin state-court* requirements for a finding of indigency. That standard does not apply in determining whether a person is indigent for the purposes of *federal* court. The plaintiffs brought this lawsuit in *federal* court, and this federal court must follow the *federal* indigency standard. A *federal* court may authorize commencement of a lawsuit without prepayment of the filing fees where the plaintiff submits an affidavit "that includes a statement of all assets" that the plaintiff possesses averring "that the person is unable to pay such fees or give security thereunder." 28 U.S.C. §1915(a)(1). Nicole Casey filed an affidavit that stated that she was unemployed, but that her spouse had income of approximately $5,600 per month. Dkt. No. 2 at 2. The affidavit listed expenses of just over $4,800 per month—$800 less than her spouse's income. Id. at 3. It stated that she owned two vehicles, one worth $13,000 and one worth $2,000, and a house worth $180,000. Id. It also listed $1,600 in cash or a cash-equivalent account. Id. Although Nicole Casey explained that the family received healthcare through Badgercare, the amounts of income and expenses listed on the affidavit showed that Nicole Casey had enough money to prepay the $402 filing fee.

  Even so, the court gave Nicole Casey the opportunity to file an amended affidavit if her financial situation had changed, or the court had misunderstood her income/expenses/assets. She did not do so. Instead, she filed a letter citing the incorrect statute for determining indigency in federal court.

  "Proceeding [without prepaying the filing fee] is a privilege, and courts depend on the plaintiff's honesty in assessing [their] ability to pay." Lofton v. SP Plus Corp., 578 F. App'x 603, 604 (7th Cir. 2014). Nicole Casey's affidavit—

3

signed under penalty of perjury—does not support the assertion that she was, at the time she filed it, unable to pay the filing fee. She has not taken the opportunity the court gave her to file an amended affidavit. Because by December 15, 2023, Nicole Casey did not file an amended affidavit and the court did not receive the $402 filing fee, the court will dismiss the case without prejudice. That means that the plaintiffs may file a new case in the future, subject to the relevant statutes of limitation.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the plaintiff failed to pay the filing fee by the deadline set by the court and failed to comply with the court's November 13, 2023 order. The clerk will enter judgment accordingly.

The court **ORDERS** that the plaintiffs must pay the full $402 filing fee to the court as they are able.

Dated in Milwaukee, Wisconsin this 27th day of December, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

4

Case 2:22-cv-01026-PP   Filed 12/27/23   Page 4 of 4   Document 8